IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                      No. Civ. 97-0362 RLP/DJS

HORIZON/CMS HEALTHCARE
CORPORATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff EEOC's Motion for Partial Summary Judgment seeking dismissal of Defendant Horizon's third affirmative defense (Docket No. 80); Defendant Horizon's Motion for Summary Judgment (Docket No. 97), and Plaintiff EEOC's Cross Motion for Summary Judgment (Docket No. 105).

**Legal Standard for Summary Judgment**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact . . . " Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986). Although the material submitted by the parties must be construed liberally in favor of the party opposing the motion, Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on the essential element of (its) case with respect to which (it) has the burden of proof." Celotex, 477 U.S. at 322.

**Plaintiff EEOC's Motion for Partial Summary Judgment as to Defendant Horizon's Third Affirmative Defense.**

Plaintiff EEOC moves for Partial Summary Judgment on Defendant Horizon's Affirmative Defense of failure to conciliate. 42 U.S.C. §2000e-5(b) requires the EEOC to endeavor to eliminate allegedly illegal employment practices by informal methods of conference, conciliation and persuasion. The Court finds that there are no genuine issues of material fact with regard to the efforts of the EEOC to conciliate its dispute with Defendant Horizon, that its efforts were in good faith and adequate and that Plaintiff EEOC is entitled to judgment as a matter of law, dismissing Defendant Horizon's Third Affirmative Defense.

**Defendant Horizon's Motion for Summary Judgment and Plaintiff's EEOC's Cross Motion for Summary Judgment - Disparate Treatment**.

Defendant Horizon seeks Summary Judgment as to Plaintiff EEOC's claims of Discrimination under the Pregnancy Discrimination Act. The Pregnancy Discrimination Act prohibits intentionally discriminating against, or maintaining policies which adversely affect pregnant employees. 42 U.S.C.

§2000e-(k).[1]  The Act does not, however, require employers to give preferential treatment to pregnant employees. See California Fed. Sav. and Loan Ass'n v. Guerra, 479 U.S. 272, 285-86 (1987) ("Congress intended the PDA to provide relief for working women and to end discrimination against pregnant workers.  In contrast to the thorough account of discrimination against pregnant workers, the legislative history is devoid of any discussion of preferential treatment of pregnancy, beyond acknowledgments of the existence of state statutes providing for such preferential treatment." (Citation omitted));   Urbano v. Continental Airlines, Inc., 138 F.2d 204, 207 (5th Cir. 1998); In Re Carnegie Center Associates, 129 F.3d 290, 295 (3rd Cir. 1997); Lang v. Star Herald, 107 F.3d 1308, 1312 (8th Cir. 1997), cert.denied __ U.S. __, 118 S. Ct. 114; Troupe v. May Department Stores, Co., 20 F.3d 734, 738 (7th Cir. 1994).

Claims made under the Pregnancy Discrimination Act are analyzed under the disparate treatment analysis applied in Title VII cases.  Equal Employment Opportunity Commission v. Ackerman, Hood & McQueen, 956 F.2d 944, 947 (10th Cir. 1992), cert. denied 506 U.S. 817. Disparate treatment may be proved by direct or indirect evidence of discriminatory intent.  Equal Employment Opportunity Commission v. WilTel, Inc., 81 F.3d 1508, 1514 (10th Cir.  1996). Plaintiff has alleged both.

---

[1]The Act is found in an amendment to the definitional section of Title VII, and  provides:

The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions, shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title shall be interpreted to permit otherwise.

I find that there is no genuine issue of material fact with regard to direct evidence of discriminatory intent. The policy at issue is gender neutral, and therefore facially non-discriminatory, drawing its distinction on the basis of how an injury or condition occurs (on the job), not of the basis of gender. Accord, Urbano v. Continental Airlines, 139 F.3d at 206.

Where indirect or circumstantial evidence is used to show discriminatory intent, the court applies the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981). Under that analysis, if the initial burden of establishing a prima facie case of discrimination is met, the burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action. If that is done, the burden shifts again to the plaintiff to show that defendant's stated reason is a pretext for discrimination. The burden of persuasion ultimately rests with the plaintiff, however, who must prove intentional discrimination by the defendant. Bell v. AT & T, 946 F.2d 1507, 1509-10 (10th Cir.1991).

The parties agree that the EEOC can establish two of four required elements of a *prima facie* case of discrimination: Members of a protected class, pregnant women, were denied modified duty under the Horizon Modified Duty policy. The issue before the court is whether there is a genuine issue of material fact as to whether it can establish both of the remaining two criteria: that the protected individuals were qualified for Modified Duty, and that pregnant women were treated differently than similarly situated individuals in terms of being assigned Modified Duty. See, Cole v. Ruidoso Municipal Schools, 43 F.3d 1373, 1380 (10th Cir. 1994) (listing elements of *prima facie* showing).

I find that the applicable qualification at issue is *temporary disability resulting from a job related injury*. In this regard, I find persuasive the reasoning of the 5th Circuit in <u>Urbano v. Continental Airlines, Inc.</u>, 138 F.3d 204, 206 (5th Cir. 1998).[2] The facts are undisputed that none of the individuals on whose behalf the EEOC seeks relief meets this qualification. Accordingly, the EEOC cannot meet its burden of establishing a *prima facie* case of discrimination. Further, pregnant women were not treated differently than others. The testimony of Ms. Chenoweth establishes that pregnant women were allowed "light duty" of limited duration for non-occupational injuries, as were Ms. Kussman and Ms. Hawkins.[3]

**Defendant Horizon's Motion for Summary Judgment and Plaintiff EEOC's Cross Motion for Summary Judgment - Disparate Impact**.

The second type of discrimination prohibited by Title VII is "disparate impact." The Supreme Court explains disparate impact as follows:

> [Claims of disparate impact] involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive, we have held, is not required under a disparate impact theory.

---

[2] The district court in <u>Urbano</u> found that plaintiff's claims were barred because she had failed to establish that she was qualified for the benefit (e.g., that she had a job related injury), and she had been able to produce only one example of another individual who had been given light duty in the absence of a work related injury. <u>Urbano v. Continental Airlines, Inc.</u> 1996 W.L. 767426 *3 (S.D. Tex.). On appeal, the 5th Circuit concurred that the plaintiff "could not provide evidence creating a genuine issue as to whether she was qualified for transfer into a light-duty position, i.e., that she sustained a work related injury." <u>Urbano v. Continental Airlines, Inc.</u>, 138 F.3d 204, 206 (5th Cir. 1998).

[3] Even if the court were to assume that Ms. Kussman's light-duty status for her non-occupational injury lasted more than a few days, a fact not supplied in Ms. Kussman's affidavit, Plaintiff has still not raised a genuine issue of material fact. A single incident of disparate treatment is not enough. "In order to prove disparate treatment, a plaintiff must show more than accidental or sporadic incidents of discrimination; (the plaintiff) must show that "discrimination was the company's standard operating procedure--the regular rather than the unusual practice." <u>Gooch v. Meadowbrook Healthcare Services of Florida, Inc.</u>, 1996 WL 67193 *3 (10th Cir. (Kan.)) (unpublished opinion, copy attached) quoting <u>International Bhd. of Teamsters v. U.S.</u>, 431 U.S. 324, 336 & n. 16 (1977).

5

International Bhd. of Teamsters v. U.S., 431 U.S. 324, 335-36 n. 15. (citations omitted).  A claim of disparate impact may succeed without any evidence whatsoever of intentional discrimination.

To establish a prima facie case of disparate impact, a plaintiff must first identify the specific employment practice that allegedly has a disproportionate impact.  Watson v. Ft. Worth Bank and Trust, 487 U.S. 977, 994 (1988) (addressing a claim of racial discrimination in promotion).  In this case, the EEOC has identified Horizon's policy of excluding non-work related injuries or conditions from its Modified Duty policy.  Next, the plaintiff must establish causation.  Disparate impact cases typically focus on statistical disparities and on the various explanations for those disparities, rather than on specific incidents.  Id.  Statistical disparities must be "sufficiently substantial that they raise [ ] an inference of causation."  Id. at 995.  The EEOC has not presented any statistics.  Instead, they have offered the belated opinion testimony of Dr. Pardue to the effect that all or substantially all pregnant women will be under lifting restrictions at some point during their pregnancy.  I find that his testimony is sufficient to raise a genuine issue of material fact with regard to the disparate impact of Defendant Horizon's Modified Duty Policy on pregnant women.  Garcia v.  Woman's Hospital of Texas, 97 F.3d 810, 813 (5th Cir. 1996).

Accordingly I find that the EEOC has presented *prima facie* evidence of disparate impact.  Horizon may respond with evidence that the "challenged practice is job-related for the position in question and consistent with business necessity."  42 U.S.C. §2000d-2(k)(1)(A)(i).

**IT IS THEREFOR ORDERED THAT**:

1.      Plaintiff EEOC's Motion for Partial Summary Judgment Dismissing Defendant Horizon's Third Affirmative Defense  is granted.

2.	Defendant Horizon's Motion for Summary Judgment is granted in part and denied in part.  Defendant is granted Summary Judgment with regard to Plaintiff EEOC's claims of Disparate Treatment, and denied Summary Judgment with regard to Plaintiff EEOC's claims of Disparate Impact.

3.	Plaintiff' EEOC Cross Motion for Summary Judgment is denied.

IT IS SO ORDERED.

_____
RICHARD L. PUGLISI
United States Magistrate Judge
(Sitting by designation)

For Plaintiff:	Loretta Medina, Esq.
	Veronica Molina, Esq.

For Defendant:	Dean E. Westman, Esq.
	Cindy Lovato-Farmer, Esq.