IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                      No. CIV 97-362 RLP/DJS

HORIZON/CMS HEALTHCARE CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER having come before the Court on Defendant Horizon/CMS Healthcare Corporation's Motion to Limit Testimony of Dr. Cleveland Pardue or in the Alternative, For Leave of Court to Depose Dr. Pardue with Fees and Costs Assessed Against Plaintiff **(Docket No. 127)**, the Court having read said motion, the memoranda in support of and in opposition to said motion, and otherwise being fully advised, finds that the motion is well taken and shall be **granted.**

        The issue before the Court is whether the plaintiff should be able to utilize a treating physician as an expert witness on matters not related to the care and treatment of a party when this expert did not complete an expert witness report as required by Fed.R.Civ.P. 26(a)(2). Plaintiff identified Dr. Pardue as a treating physician expert witness on February 16, 1998. Plaintiff did not provide an expert witness report in compliance with Fed.R.Civ.P. 26(a)(2). Since Dr. Pardue is a treating physician, he is not required to submit an expert report if he testifies as a treating physician pursuant to D.N.M.LR-Civ. 26.3(b). However, failure to disclose expert opinion testimony in an expert witness report precludes that witness from testifying either altogether or as to specific opinions not

disclosed in a report.  See, The Advisory Committee Notice to the 1993 Amendment to Rule 26; *Coastal Fuels of Puerto Rico v. Caribbean Petroleum Corp.,* 79 F.3d 182 (1st Cir. 1996).  Sanctions excluding testimony or limiting testimony are automatic and mandatory unless the party failing to disclose can show the failure was justified or harmless.  *Miksis v. Howard,* 106 F.3d 754, 760 (7th Cir. 1997).

In this case, Dr. Pardue was identified as a treating physician expert witness.  Local Rule 26.3(b) does not apply to a treating physician who is designated as an expert witness.  A treating physician who will not render opinions outside the scope of his or her treatment, diagnosis and care for a party should not be required to summarize the medical record in order to comply with Fed.R.Civ.P. 26(a)(2).  Providing the parties with copies of the medical records should suffice to notify the parties about the subject matter of the physician's testimony.  To require a treating physician to submit an expert witness report when testifying on care and treatment matters is overly burdensome and may in fact discourage fact witnesses who are professionals from testifying in federal court matters.  Therefore, in this case, Dr. Pardue will be allowed to testify regarding those issues involved in the care and treatment of any party he treated.  However, Dr. Pardue will not be allowed to testify regarding opinions he may have that clearly fall outside his role as a treating healthcare provider.

**IT IS THEREFORE ORDERED** that the Defendant Horizon/CMS Healthcare Corporation's Motion to Limit Testimony of Dr. Cleveland Pardue or in the Alternative, for Leave of Court to Depose Dr. Pardue with Fees and Costs Assessed Against Plaintiff is **granted.**

**IT IS SO ORDERED**.

_____
RICHARD L. PUGLISI
United States Magistrate Judge
(Sitting by designation)

Cindy Lovato-Farmer, Esquire - Attorney for Defendant
Dean E. Westman, Esquire - Attorney for Defendant
Loretta Medina, Esquire - Attorney for Plaintiff