IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                     No. CIV 97-362 RLP/DJS

HORIZON/CMS HEALTHCARE CORPORATION,

        Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
AND ORDER GRANTING RULE 52 (c) Fed.R.Civ.P. MOTION TO DISMISS**

THIS MATTER came before the Court on September 28, 1998 on the Defendant's Motion to Dismiss, pursuant to Rule 52 (c) Fed.R.Civ.P. following a 5 ½ day bench trial. The Court having heard the arguments of counsel, all of the admissible evidence, and otherwise being fully advised, finds that the motion is well taken and shall be **granted.**

**BACKGROUND**

The EEOC seeks lost back pay, benefits, front pay and interest for 4 charging parties and a group of approximately 29 individuals, as well as the equitable relief of reinstatement, injunctive relief, change of policy, notice posting, training and other relief. On January 24, 1998, this Court entered its Memorandum Opinion and Order Granting Summary Judgment for Defendant **(Docket No. )** on Plaintiff's disparate treatment claims. The only claim tried to the Court was whether the Defendant's policy of providing modified duty only to its employees who are injured on-the-job violates the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), and Title VII of the Civil Rights Act of 1964, because the policy has a disparate impact on pregnant women employed as certified

nurse assistants who are temporarily disabled because of pregnancy. The Court finds that the modified duty policy does not have a disparate impact on the charging parties and allegedly aggrieved individuals. The following findings of fact and conclusions of law submitted pursuant to Rule 52(a) Fed.R.Civ.P. support this conclusion.

## **FINDINGS OF FACT**

1. Darla Phillips was employed by Horizon/CMS Healthcare Corporation ("Horizon") at its Casa Arena Blanca facility in Alamogordo, New Mexico, Denise Ortega was employed by Horizon at its Hacienda de Salud facility in Silver City, New Mexico, Alathea Chenoweth was employed by Horizon at its Casa Maria facility in Roswell, New Mexico, and Elizabeth Johnston was employed by Horizon at one of its Santa Fe, New Mexico, facilities. In addition to the charging parties, certain allegedly aggrieved individuals were employed by Horizon at its long-term care facilities in New Mexico.

2. Charging parties and certain allegedly aggrieved individuals became pregnant during the time they were employed by Horizon.

3. Horizon employed Elizabeth Johnston as an Activity Assistant from June 9, 1995, to September 27, 1995.

4. On September 27, 1995, Ms. Johnston submitted a note containing work restrictions from her doctor, Cleveland Pardue.

5. Horizon did not provide Elizabeth Johnston a modified duty assignment on or after September 27, 1995.

6. Darla Phillips was employed by Horizon as a Certified Nursing Assistant (CNA) beginning January 7, 1992.

7. Darla Phillips informed her supervisor that she was pregnant on September 29, 1994.

8. Horizon did not provide Darla Phillips with modified duty on or after September 29, 1994.

9. Denise Ortega worked as a Certified Nursing Assistant.

10. On May 9, 1995, Ms. Ortega's doctor limited her lifting to no more than 10 pounds as a result of her pregnancy.

11. Horizon did not provide Denise Ortega with modified duty on or after May 9, 1995.

12. Alathea Chenoweth was employed as a Certified Nursing Assistant beginning on September 21, 1995.

13. Chenoweth informed her supervisor that she was pregnant on May 20, 1996.

14. Horizon did not provide Alathea Chenoweth a modified duty assignment on or after May 25, 1996.

15. Charging parties, Darla Phillips, Denise Ortega, Alathea Chenoweth and Elizabeth Johnston and certain allegedly aggrieved individuals were ineligible for, and were denied, modified duty under Horizon's Risk Management Modified Duty Policy which provided modified duty only for work restrictions originating from work-related injuries.

16. Only employees with work-related injuries were eligible for modified duty.

17. Horizon provided modified duty assignments to employees who were injured on-the-job and thereby eligible for Worker's Compensation benefits.

18. Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

19. At the time Plaintiff's Complaint and Amended Complaint were filed, Horizon was

a Delaware corporation doing business in the State of New Mexico and employed at least 15 employees.

20. At the time Plaintiff's Complaint and Amended Complaint were filed, Horizon was an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

21. More than thirty (30) days prior to the filing of Plaintiff's lawsuit, Horizon received a copy of the charges of discrimination timely filed by Denise Ortega, Darla Phillips, and Alathea Chenoweth.

22. More than thirty (30) days before the filing of Plaintiff's First Amended Complaint, Horizon received a copy of the charge of discrimination timely filed by Elizabeth Johnston with the New Mexico Human Rights Division.

23. Elizabeth Johnston's charge of discrimination indicates Ms. Johnston's desire that the charge also be filed with the EEOC.

24. EEOC investigated the allegations contained in the charges filed by Alathea Chenoweth, Elizabeth Johnston, Denise Ortega and Darla Phillips.

25. At all relevant times Horizon had a modified duty policy that allowed for an employee to receive modified duty due to a temporary disability if caused by a work-related incident.

26. It is against Horizon's policy to permit a temporarily disabled pregnant employee to receive modified duty pursuant to their modified duty policy.

27. Ms. Phillips, Ms. Ortega and Ms. Chenoweth all held the position of Certified Nursing Assistant (CNA).

28. The job description for the position of Certified Nursing Assistant required lifting 51-

75 pounds "continuously" at a frequency rate of more than 67 percent (Plaintiff Exhibit 2).

29. Horizon's lumbar back support agreement which applied to CNA employees acknowledged that pregnant employees needed to obtain assistance with physical activities of assigned work.

30. The charging parties and the other aggrieved individuals who held the CNA position, while pregnant, could perform all the job duties of CNA except the heavy lifting portions of their jobs, which would have required modified duty or assistance with lifting.

31. Dr. Bruce Taylor analyzed Horizon's lists of all employees of Horizon/CMS Healthcare working in long-term care facilities in New Mexico from 1994 to 1997. Horizon employed 13,361 total employees during that period with 10,227 (76.54%) females and 3,134 (23.46%) males. Horizon employed 3,998 CNAs during this period, 3,237 (80.97%) females and 701 (19.03%) males.

32. Dr. Taylor opined that one could expect at least 7.48% of all female employees at Horizon to be pregnant in any given year. In Dr. Taylor's opinion, this is a conservative estimate.

33. Based upon Horizon's list of employees, one would expect approximately 223 female CNAs to have become pregnant between 1994 and 1997 and an average of 55 pregnant CNAs statewide per year. Based upon 10,227 total females employed by Horizon from 1994 to 1997, one would expect 705 pregnant female employees or 176 pregnant employees statewide per year.

34. Pregnant employees with work restrictions arising from occupational injuries were eligible for modified duty under Horizon's policy.

35. Plaintiff presented no statistical evidence that Horizon's Risk Management Modified Duty Policy had a disparate impact on pregnant women.

**CONCLUSIONS OF LAW**

1.　The Court has jurisdiction over Plaintiff's claims.

2.　All conditions precedent to the filing of this action have been fulfilled.

3.　Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII.

4.　The Pregnancy Discrimination Act passed by the Congress in 1978, made it unlawful to discriminate on the basis of ". . .pregnancy, childbirth or related conditions. . ." 42 U.S.C. § 2000e(k).

5.　The only issue before the Court is whether Defendant's modified duty policy unlawfully discriminated against temporarily disabled pregnant employees in violation of Title VII and the Pregnancy Discrimination Act.

6.　A statistical analysis is necessary to establish a disparate impact case. To establish whether pregnant employees were disparately impacted by the Defendant's modified duty policy, a comparison must be made. This Court is persuaded by the Fifth Circuit comparison standard:

> ". . .the relevant comparison is between women affected by pregnancy and <u>employees similar in ability to work who have not sustained on-the-job injuries.</u>" (my emphasis). *Urbano v. Continental Airlines, Inc.,* 1996 WL 767426 * 2 (S.D. Tex).

In the instant case no comparisons were made, much less the comparison adopted by the *Urbano* Court. The only statistics presented were statistics relating to the probable pregnant workforce and the number of complaining employees as outlined hereinabove. This information is meaningless without comparative data. The plaintiff presented no other admissible methodology to prove a *prima facie* case.

7.      Horizon's Risk Management Modified Duty Policy "is gender neutral, and therefore facially non-discriminatory, drawing its distinction on the basis of how an injury or condition occurs (on the job), not on the basis of gender."  *Court's Mem. Op. & Order of June 24, 1998 at pg. 4* (<u>citing</u> *Urbano v. Continental Airlines,* 139 F.3d 204, 206 (10th Cir. 1998)).

8.      Plaintiff failed to establish a *prima facie* case of disparate impact arising from Horizon's Risk Management Modified Duty Policy.  *Ortega v. Safeway Stores, Inc.,* 943 F.2d 1230, 1242-43 (10th Cir. 1991).

9.      Horizon's exclusion of non-occupational injuries in its Risk Management Modified Duty Policy did not create artificial, arbitrary and unnecessary barriers to employment.  *Murphy v. Derwinski,* 990 F.2d 540, 544 (10th Cir. 1993).

10.     Plaintiff did not meet its burden of demonstrating that Horizon's Risk Management Modified Duty Policy had a significant disparate impact on pregnant women.  *Urbano v. Continental Airlines, Inc.,* 1996 WL 767426 (S.D. Tex.) <u>aff'd for reasons cited by district court</u> 138 F.3d 204, 205 n. 1 (5th Cir. 1998); *Cf., Faulkner v. Super Value Stores, Inc.,* 3 F.3d 1419, 1428 (10th Cir. 1993); *Cf.,Ortega v. Safeway Stores, Inc.,* 943 F.2d 1230, 1244 (10th Cir. 1991).

11.     The Defendant is entitled to recover its costs in this action.

**IT IS SO ORDERED**.

```
                                  _____
                                       RICHARD L. PUGLISI
                                    United States Magistrate Judge
                                       (Sitting by designation)
```

7